**UNITED STATES of America, Plaintiff—Appellee**

v.

**Demetrius MCCULLOUGH, Defendant—Appellant.**

**No. 10–30754 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 17, 2011.

Josette Louise Cassiere, Assistant U.S. Attorney, Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Christopher Albert Aberle, Mandeville, LA, for Defendant–Appellant.

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM: *

Demetrius McCullough appeals the sentence imposed following jury convictions for assault with a dangerous weapon, and possession of a prohibited object, in a federal prison. He was sentenced, based upon his being a career offender, to, *inter alia*, 100 months' imprisonment.

For the first time on appeal, McCullough contends the district court erred by assessing a two-level enhancement under advisory Sentencing Guideline § 2A2.2(b)(1) (assess two-level enhance-

---

ment if assault "involved more than minimal planning"). As he concedes, because he did not preserve this issue in district court, review is only for plain error. *E.g., United States v. Mondragon–Santiago,* 564 F.3d 357, 361 (5th Cir.2009). For reversible plain error, there must be a clear or obvious error (plain error) that affected McCullough's substantial rights; even then, we retain discretion to correct the error and, generally, will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *E.g., United States v. Villegas,* 404 F.3d 355, 358–59 (5th Cir.2005).

McCullough maintains: there was a plain error because the undisputed facts show that the offense did not involve "more than minimal planning"; and, the error affected his substantial rights because, without the enhancement, his advisory sentencing range would have been 84–106 months, instead of the 100–120 months range utilized by the court.

For starters, whether McCullough engaged in "more than minimal planning" is a factual determination. *See, e.g., United States v. Floyd,* 343 F.3d 363, 371 (5th Cir.2003). Under our court's well-established precedent, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error". *United States v. Vital,* 68 F.3d 114, 119 (5th Cir.1995) (citations and internal quotation marks omitted).

In any event, the more-than-minimal-planning enhancement did not affect McCullough's sentence because he was sentenced as a career offender, which carried a higher offense level than that calculated using the enhancement. Accordingly, McCullough has not shown the

enhancement affected his substantial rights. *See, e.g., United States v. Guevara,* 408 F.3d 252, 263 (5th Cir.2005).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under